IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALENTIN IBARRA-LUNA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-638-MJR |
| | ) |
| LISA J.W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a 71 month sentence imposed on him by the United States District Court for the Eastern District of Texas for illegal re-entry after deportation in violation of 8 U.S.C. § 1326, *United States v. Ibarra-Luna*, Case No. 4:08-cr-00161-MAC-DDB (E.D. Tex.), and a 15 month consecutive sentence imposed on him by the same court for violating the terms and conditions of his supervised release by committing the above-conduct. *See United States v. Ibarra-Luna,* Case No. 4:01-cr-00048-MAC-DDB (E.D. Tex.); *see also United States v. Ibarra-Luna*, 2009 WL 1181214 slip op. at *1-4 (E.D. Tex., April 30, 2009).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### THE PETITION

Petitioner contends that his sentences violate the Double Jeopardy Clause of the United States Constitution; that his 71 month sentence for illegal re-entry violates Due Process of law because it was based on inaccurate information resulting in the application of an enhanced sentence that Petitioner asserts is inapplicable to him and, thus, illegal; that his 71 month sentence for illegal re-entry is unreasonable; and that his lawyer provided ineffective assistance of counsel by failing to advise him of the nature and consequences of his plea agreement.

Additionally, Petitioner states that his attorney failed to file a notice of appeal with respect to his conviction for illegal re-entry. However, the Court notes that Petitioner did appeal this conviction, that his counsel filed a brief pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), and that the Fifth Circuit Court of Appeals dismissed the appeal on the basis that "no nonfrivolous issues for appeal existed." *United States v. Ibarra-Luna*, 357 Fed. Appx.577, 2009 WL 4885155, slip op. at *1  (E.D. Tex., Dec.15, 2009).

Petitioner states that he filed no post-conviction motions(i.e., motions pursuant to 28 U.S.C. § 2255) with respect to his conviction or the revocation of supervised release and this Court can find no evidence that such were filed with the sentencing court.

### DISCUSSION

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the

writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  However, a petition challenging a conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective."  28 U.S.C. § 2255(e).

In the instant habeas petition, Petitioner fails to address why a motion pursuant to § 2255 was "inadequate or ineffective" to address his Double Jeopardy and other claims.  Indeed, with respect to his conviction and sentence for illegal re-entry, it appears that Petitioner may still pursue a § 2255 motion with the sentencing court (in this case, the Eastern District of Texas).[1]  At this point, however, post-conviction relief for Petitioner's 15 month sentence for violating the terms and conditions of his supervised release in his first criminal case may be untimely.  *See* 28 U.S.C. § 2255(f).  But, the fact that Petitioner may be barred from bringing a § 2255 motion is not, in itself, sufficient to render it an inadequate remedy.  *Cf., In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner wishing to proceed under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998), the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255.  The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as

---

[1] The Court emphasizes that it is making no determination at all concerning the merits of Petitioner's claims.  The Court notes merely that it appears from the record that a § 2255 motion filed with the sentencing court might still be timely under 28 U.S.C. § 2255(f), at least with respect to Petitioner's conviction and sentence for illegal re-entry.

*having been imprisoned for a nonexistent offense*." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Even when a § 2241 petitioner satisfies the "actual innocence" criteria, a federal petitioner will be permitted to proceed under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Davenport*, 147 F.3d at 611. Such is not the case here.

First, as noted above, Petitioner never pursued relief pursuant to § 2255 with respect to either his illegal re-entry sentence or the revocation of his supervised release. Second, Petitioner does not assert that there has been any change in the law that makes either his conviction or his sentences fundamentally defective.

Indeed, the law in the Seventh Circuit is against Petitioner's Double Jeopardy claim. Supervised release is part of Petitioner's original sentence. When, as here, Petitioner violated the terms of his supervised release by illegally re-entering the United States, it is Petitioner's breach of trust in failing to abide by the terms and conditions of his supervised release that is sanctioned. *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996); *see also United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001). A revocation of supervised release only modifies Petitioner's original sentence; it is not punishment for the conduct that caused the revocation. *See Wyatt,* 102 F.3d at 245. If a defendant is also sentenced for the underlying offense, this punishment does not run afoul of the Double Jeopardy Clause. *Id*.

Furthermore, with respect to Petitioner's claim that his 71 month sentence was improperly enhanced, such a claim is not appropriate for collateral review under § 2241. *Montenegro v. United States*, 248 F.3d 585, 596 (7th Cir. 2001) (citing, *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993); see also, *In re Davenport*, 147 F.3d at 609-610.[2]  Being innocent of a sentencing enhancement is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and, thus, allow a § 2241 petition by a federal prisoner. *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).  Instead, such a claim is appropriate for a direct appeal or a § 2255 motion.

Lack of success in such actions or even the fact that, in retrospect, an error may have been made in Petitioner's sentence does not show § 2255 to be "inadequate or ineffective" as the law defines those terms. *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2001).  To gain a review on the merits of his § 2241 petition, Petitioner's legal theory cannot merely attack the length of his sentence, but must demonstrate that he is actually innocent of the *crime* for which he pleaded guilty. *See Uthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d at 217-19; *Cooper v. United States*, 199 F.3d 898, 899-901 (7th Cir. 1999); *In re Davenport*, 147 F.3d at 609-10. Because Petitioner has not established that § 2255 is "inadequate or ineffective," he is not entitled to pursue his claims in a § 2241 action with respect to any of his claims.

---

[2]The Seventh Circuit overruled part III of *Montenegro* in *Ashley v. United States*, 266 F.32D 671, 674 (7th Cir. 2001).  The Court's citation to *Montenegro* does not fall within the overruled section of the case.

### DISPOSITION

Because Petitioner is not entitled to pursue his claims in a § 2241 action, this action is summarily **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 18th day of October, 2010.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**